RECEIVED
MAR - 8 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY KCW

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**__________ DIVISION**

Sylvester Martin II #129262
*Full Name of Plaintiff & Prisoner Number*

1:19-cv-0307 SEC P
*Civil Action*

v.

__________
*Judge*

James LeBlanc - Secretary, Et al.
*Defendant*

__________
*Magistrate Judge*

**COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**I. Previous Lawsuits**

a. Have you begun any other lawsuit while incarcerated or detained in any facility?

[✓] Yes [ ] No

b. If your answer to the preceding question is "Yes," provide the following information:

1. State the court(s) where each lawsuit was filed (if federal, identify the district; if state court, identify the county or parish): United State District Court, Eastern District of Louisiana

2. Name the parties to the previous lawsuit(s):
   Plaintiffs: Sylvester Martin - Pro-se
   Defendants: Ronnie Seals, Etal.

3. Docket number(s): No. 12-30143

4. Date(s) on which each lawsuit was filed: 2010

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]: Dismissed

(Rev. 5/1/13)

c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

[✓] Yes [ ] No

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.): United State Court of Appeals / Fifth Circuit Case Failed to meet (Hudson-Factors) so Dismissed

**II. Place of Current Confinement:** Raymond Laborde Correctional Center

**A.** Is there a prison grievance procedure in this institution?

[✓] Yes [ ] No

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

   [✓] Yes [ ] No

   If "Yes," what is the Administrative Remedy Procedure number?

   R.L.C.C. 2018-824 & 2018-745

2. If you did not file an administrative grievance, explain why you have not done so.

   ______________________________

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal and adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

   ______________________________

   Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

**III. Parties to Current Lawsuit:**

**A.** Name of Plaintiff: Sylvester Martin II 129262 / R.L.C.C., Cajun-2-A-2

Address: 1630 Prison Road / Cottonport La. 71327

(Rev. 5/1/13)

**B.** Defendant: James LeBlanc - Secretary, is employed as 504 MayFlower St. Baton Rouge La. 70821.

Defendant: Troy Poret, is employed as Deputy Warden at R.L.C.C.

Defendant: Donnie Bordelon, is employed as Asst. Warden at R.L.C.C.

Additional defendants: Col. Benjamin Maddie, Sgt. Patrick Bordelon and Warden, S.W. Sandy McCain

## IV. Statement of Claim

State the facts of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. You are required to set forth only factual allegations. You are not required to set forth legal theories or arguments.

See Attached Hand Written Claim.

## Jurisdiction

The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 1343 to redress the deprivation of my 1st., 8th., and 14th., Amendment of the United States Constitution, under the Color of State Law.

The pendent jurisdiction of this is invoked under U.S.C. § 1367 to redress the deprivation of my State created rights under Article 1, sections, 1, 3, 5, 7, 9, 12, 20, 22 and 24 pursuant to LSA-C.C. art. 2315, 2324.

## Defendants

1. Troy Poret = Deputy Warden
2. Benjamin Maddie = Colonel
3. Patrick Bordelon = Master Sargent
4. Donnie Bordelon = Asst. Warden
5. S.W. Sandy McCain = Warden

All of the above Defendants is currently employed at Raymond Laborde Correctional Center

1630 Prison Road, Cottonport Louisiana, 71327...

Statement of Facts

10-17-17" Sylvester Martin," was on a medical call out in the prison Infirmary where "I" observed Deputy Warden, Troy Poret, through the window walking pass the Infirmary on the main walk, heading toward the general populati on compound to make his weekly rounds in the housing units; "I" Martin, exit the Infirmary and called out Warden Poret, name to get his attention but he did not answer so as "I" walked up closer to Warden Poret, "I" called his name again, and without any warning Deputy Warden Troy Poret, turned around and grabbed me, "Martin," by my shirt front and with force he slammed me, "Martin," up against a fence pole, causing further injury to my Right-shoulder. Just as quick as this incident took place, Warden Poret, let go of his hold on me, "Martin," and walked away from me until he was about approx 15 feets away, he Warden Poret, yelled out loud the word "Fuck," then he Warden Poret, turned back around to me, Martin," and asked "What the Fuck did you wanted anyway," "I" Martin," stated "I just wanted to ask you if Warden Tim Hooper at Hunt Correctional Center had

contacted you about transferring me "Martin" to Hunt," he said "No" and walked off, I "Martin" went back to the prison Infirmary for my medical call out... Approx. 30 minutes later Warden Poret, sent an officer to the prison Infirmary to detain and escort me "Martin" to the prison Command Post where he Warden Poret, Col. Donnie Bordelon and Maj. Benjamin Maddie, was waiting in an office, upon entering this office, I "Martin", was informed by Warden Poret, that Col. Bordelon as the prison investigational officer, has advised him to write a Disciplinary Report against me [redacted] "Martin," just in case another offender try to use the incident between me and him against him.

I Sylvester Martin, informed Warden Poret that the new laws that goes into effect on Nov. 1, 2017 made it possible for me to be eligible for a Parole Date and that "I" do not wish to have a Disciplinary Report in my conduct records, "I" was then told by both Warden Poret and Col. D. Bordelon, that the Disciplinary Report will be Dismissed at the Disciplinary Court Hearing and will not go into your records providing that you go to the Informary and sign a Refusal Form, I Martin, was escorted to the Infirmary by

a security officer and I did sign a Medical Treatment Refusal Form, out of Fear that I will loose any chance at Parole.

"I" Sylvester Martin II 129262, began Filing Administrative Remedy Procedure in this matter on Jan. 3.2018 accusing Warden Troy Poret of using Excessive Force against me "Martin", but all request for a Grievance against Warden Poret in this matter was ignored by the prison Head Warden, one W.S. Sandy McCain, I Martin went months trying to seek remedy through the A.R.P. system, I even Filed a complaint directly to the Secretary of Correction Office, to only have my complaint Forwarded back to the prison where it was Rejected by the prison Head Warden Office without any investigation. On Aug. 24.2018 I Martin enter the prison Mental Health Building for a call out with social worker Ms. Tylor Farris, I was verbally abused by one Master Serg. Patrick Bordelon for no reason and it was so upsetting until I Martin cancle the call out with the social worker and left the Building and while heading back to my housing I ran into Warden Poret and Col. B. Maddie and I Martin notify him of the incident with me and M/Sgt. Patrick Bordelon, and Warden Poret, immediately

instructed Col. Benjamin Maddie, to handcuff me "Martin," and escort me to the Cell Block where I "Martin," remained for (5) Five months without being sentence to the Cell Block by a Disciplinary Board but was told that Deputy Warden Troy Poret order that I "Martino," be Administratively Moved...

End.

Sylvester Martin

## Claims

(A) Defendant: Troy Poret, struck plaintiff Martine without any penological justification but to maliciously and sadistically to cause him harm.

(B) Defendants: Troy Poret, Donnie Bordelone, and Benjamin Maddie, all conspired to cover-up "Poret" Excessive Use of Force against Martine by Falsifying an Institutional Disciplinary Report against plaintiff Martine.

(C) Defendant: Troy Poret, through manipulation of the Prison Grievance System, has blocked all of plaintiff Martine attempt at seeking any Remedy through the prison Administrative Remedy Procedure System on a direct A.R.P. against him...

(D) Defendant: Patrick Bordelone, acted on Orders from Deputy Warden, Troy Poret, to Falsify Disciplinary Reports against plaintiff Martine.

(E) Defendant: Troy Poret, act of Excessive Force, did cause further aggravation to a prior shoulder injury where an M.R.I. was later taken and shown an injury.

(F) Defendant: Warden, S.W. Sandy McCain, as Head

Warden, have a directly obligation per. Department of Correction Policies, to order an investigation anytime an offender make claim of Excessive Force was used upon him, which he Failed to do so...

End.

Sylvester Martin

(Rev. 5/1/13)

**V. Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

$100,000 compensator damages
$10,000 each in punitive damages
$50,000 for mental abuse and stress in past one of these defendants under State/Federal Law.
See a Specialist about my Shoulder
Transfer to Hunt Correctional Center
Individual/Official Capacities Suit.

**VI. Plaintiff's Declaration**

**A.** I declare under penalty of perjury that all of the facts represented in this complaint and any attachments hereto are true and correct.

**B.** I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

**C.** I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this 6 day of March, 2019.

Sylvester Martin
**Signature of Plaintiff**