a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVESTER MARTIN, Plaintiff | CIVIL ACTION NO. 1:19-CV-307-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 (Docs. 1, 11) filed by pro se Plaintiff Sylvester Martin ("Martin") (#129262). Martin is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Martin alleges that he was subjected to excessive force and convicted of false disciplinary reports.

Because Martin fails to state a claim against Defendants, except an excessive force claim against Warden Poret, all other claims and Defendants should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Martin alleges that he was in the infirmary on a medical callout when he saw Warden Poret outside of the window walking past the infirmary. Martin exited the infirmary and called out the warden's name. (Doc. 1, p. 5). Warden Poret did not respond, so Martin began to walk toward the warden. Martin alleges that Warden Poret turned around and grabbed Martin by the shirt and slammed him against a

fence, seriously injuring Martin's right shoulder. (Doc. 1, p. 5; Doc. 11, p. 1). A disciplinary charge related to the incident was dismissed. (Doc. 1-2, p. 2; Doc. 10-1, p. 3).

Martin further alleges that approximately one year later, he was "verbally abused" by Sgt. Bordelon for no reason and received a disciplinary conviction. (Doc. 1, p. 7). Martin was sentenced to 14 days without phone and recreation privileges. (Doc. 10-1, p. 1). Martin also received another disciplinary conviction for which he was sentenced to five months of administrative segregation. (Doc. 1, p. 8).

Martin seeks compensatory and punitive damages, additional medical care, and a transfer to Hunt Correctional Center. (Doc. 1, p. 11).

II. Law and Analysis

    A. Martin's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Martin is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Martin's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Martin's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Martin cannot state a claim for false disciplinary reports or a wrongful disciplinary conviction.

Martin claims that Defendants issued a false disciplinary report to cover up the excessive force by Warden Poret. However, the disciplinary report related to the incident with Warden Poret was dismissed. (Doc. 1-2, p. 2; Doc. 10-1, p. 3). Therefore, even if the report was false, Martin did not suffer any harm. Moreover, allegations that a plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. Collins v. King, 743 F.2d 248 (5th Cir. 1984); see also Fisher v. Turner, 14-cv-575, 2015 WL 5697307, at *2 (W.D. La. Sept. 8, 2015) (an inmate has no constitutional protection from being wrongly charged with a disciplinary offense), report and recommendation adopted, 2015 WL 5708249 (W.D. La. Sept. 28, 2015) (citing Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (6th Cir. 1994)).

Martin does not allege any inadequacies in the hearing process, as the charge was dismissed.

To the extent that Martin claims he was wrongfully convicted of subsequent disciplinary reports almost a year after the incident with Warden Poret, his claim fails. "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." Blackburn v. City of Marshall, 42 F.3d 925, 935 (5th Cir. 1995).

Martin alleges that he was sanctioned to segregation for five months and 14 days of lost privileges. However, "segregated confinement is not grounds for a due process claim unless it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkerson v. Goodwin, 774 F.3d 845, 853 (5th Cir. 2014) (internal quotation marks and citations omitted); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) ("[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."). Martin does not allege facts demonstrating that his experience in extended lockdown imposed the "atypical and significant hardship" necessary to implicate a constitutionally protected liberty interest. Likewise, a temporary loss of phone and recreation privileges are not "atypical and significant hardships." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (30-day commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a

4

state might create a liberty interest). Therefore, Martin fails to allege a due process violation.

    C.    <u>Martin cannot state a claim for the deprivation of the prison grievance system.</u>

Martin complains that Warden Poret manipulated the grievance process and prevented Martin from using the grievance process. However, an inmate has no constitutional right to a grievance procedure. See <u>Geiger v. Jowers</u>, 404 F.3d 371, 374–75 (5th Cir. 2005); <u>Giddings v. Valdez</u>, No. 3:06-cv-2384, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007). This claim also fails.

    D.    <u>Martin fails to state a claim against Warden McCain.</u>

Martin claims that Warden Sandy McCain is liable as "head warden." "A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." <u>Gates v. Texas Dep't of Prot. & Reg. Servs.</u>, 537 F.3d 404, 435 (5th Cir. 2008). Martin alleges neither participation in the excessive force, nor the implementation of an unconstitutional policy, by Warden McCain.

A supervisor may be liable for failure to supervise or train if: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." <u>Goodman v. Harris Cnty.</u>, 571 F.3d 388, 395 (5th Cir. 2009). There is no allegation or indication that Warden McCain failed to properly supervise or train Warden Poret.

### E. Martin is not entitled to a transfer to Hunt Correctional Center.

Martin requests a transfer to Hunt Correctional Center. A prisoner has no constitutional right to be housed in a particular facility, or to be transferred or not transferred from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Davis v. Valdez, No. 3:15-CV-3952, 2016 WL 749899 (N.D. Tex. Jan. 4, 2016), report and recommendation adopted, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016). Additionally, La. R. S. 15:824 authorizes the Director of Corrections to decide to which penal institution an inmate should be delivered or transferred. The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners. See Santos v. La. Dept. of Corr. Secretary, 1996 WL 89260 at *4 (E.D. La. Feb. 28, 1996) (noting that La. R.S. 15:824(A) and (B) do not give DOC prisoners a constitutionally protected right to be housed in a particular facility). Thus, Martin is not entitled to a transfer.

### F. Martin fails to state a claim for deprivation of medical care.

Martin requests additional medical treatment. Martin provides the Court with documentation indicating that he receives regular treatment for his shoulder injury in the form of medication, physical therapy, steroid injections, and he has been examined by a neurologist. (Doc. 10-1, pp. 7-14).

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high

6

standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Martin has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Martin clearly disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### III. Conclusion

Because Martin only states a constitutional claim against Warden Poret for excessive force, IT IS RECOMMENDED that all other claims and Defendants be DENIED and DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A. The excessive force claim against Warden Poret will be served pursuant to a separate Order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, ejtc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of June, 2019.

                                            Joseph H.L. Perez-Montes
                                            United States Magistrate Judge