b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVESTER MARTIN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-00307 |
| VERSUS | JUDGE JOSEPH |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant Troy Poret ("Poret"). ECF No. 49. Because Plaintiff Sylvester Martin ("Martin") exhausted his administrative remedies, Poret's Motion for Summary Judgment (ECF No. 49) should be DENIED.

I. Background

Martin filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis*. ECF Nos. 1, 11. The sole remaining Defendant is Poret, a Deputy Warden employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, who is sued in both his individual and official capacities. ECF No. 1 at 11. For relief, Martin asks for monetary damages. Martin is currently confined in RLCC.

Martin alleges that, on October 17, 2017, when Martin tried to ask Poret a question, Poret used excessive force against him by slamming him up against a

fence pole and injuring his right shoulder. ECF No. 1 at 5. Martin contends he was then written up for the incident. ECF No. 1 at 6. Martin contends he was then told by Poret and a Colonel Bordelon that the disciplinary report would be dismissed at the disciplinary hearing if Martin would refuse treatment for his shoulder at the infirmary. So Martin complied. ECF No. 1 at 6-7. Martin also alleges a second incident on August 24, 2018, when Poret had Martin administratively transferred to "the Cell Block" (apparently a segregated housing unit) for five months.

Poret answered the Complaints (ECF No. 28) and filed a Motion for Summary Judgment, arguing that Martin failed to properly exhaust his administrative remedies (ECF No. 49). Martin has not responded to that Motion.

## II. Law and Analysis

Poret contends Martin's complaint should be rejected for failure to exhaust his administrative remedies in a timely manner.

No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (U.S. 2001). Resort to a prison grievance process must precede resort to a court. *See Porter v. Nussle*, 534 U.S. 516, 529 (2002).

The exhaustion requirement imposed by amended § 1997e is not jurisdictional. *See Woodford v. Ngo*, 548 U.S. 81, 101 (2006). However, exhaustion is mandatory and district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner must not only pursue all available avenues of relief, but he must also comply with all administrative deadlines and procedural rules. *See Kidd v. Livingston*, 463 Fed. Appx. 311, 313 (5th Cir. 2012), cert. den., 567 U.S. 939 (2012) (*citing Woodford,* 548 U.S. at 900-91). It is the prison's requirements, not the Prison Litigation Reform Act, that define the requirements of exhaustion. *See Kidd*, 463 Fed. Appx. at 313. A case must be dismissed if available administrative remedies were not exhausted. *See Gonzalez*, 702 F.3d at 788.

Poret contends the RLCC has its own grievance procedures that require a prisoner to initiate an administrative remedy within 90 days of the incident. Martin contends he began filing grievances about the incident on January 3, 2018, but that his initial grievances were ignored and lost. Martin attached grievances to his complaint. Two of Martin's ARPs relate solely to the incident that occurred on October 17, 2017: (1) an ARP (No. 2018-824) labeled "Emergency Grievance," that was signed on September 17, 2018, mailed to the Secretary of the Louisiana Department of Corrections, and forwarded back to the prison, where it was rejected on October 9, 2018 as untimely (ECF No. 1-2 at 14-20); and (2) an ARP (No. 2018-

964) signed on November 21, 2018, "received" in the Warden's Office on November 27, 2018, and rejected on December 12, 2018 (ECF No. 1-2 at 11-13).

The other grievances provided by Martin concern both incidents: (1) a first-step ARP (No. 2018-745) signed on August 30, 2018 (ECF No. 1-2 at 1 & 5-10), alleging both the October 17, 2017 incident and the August 24, 2018 incident, was received by the Warden's office on September 11, 2018, "accepted" on October 5, 2018, investigated, and rejected on October 5, 2018 and November 20, 2018 (ECF No. 1-2 at 1 & 5-7); and (2) a second-step ARP (ARP No. 2018-745) signed on November 21, 2018 (ECF No. 1-2 at 2-3), that again addresses both incidents and was rejected on January 31, 2019 for the reasons previously given at Step 1 (ECF No. 1-2 at 4).

Poret filed Martin's ARPs, also, as well as the investigative reports that support the Warden's November 20, 2018 first-step rejection of Martin's August 30, 2018 ARP No. 18-475. ECF No. 49-2 at 13-17.

The earliest ARP in the record is dated August 30, 2018. The first incident took place on October 17, 2017, and the second incident took place on August 24, 2018. Poret argues that Martin's initial ARPs concerning the October 17, 2017 incident (ARP Nos. 2018-824 and 2018-964) were rejected as untimely. However, when Martin filed an ARP No. 2018-745 in 2018, complaining about both incidents, the ARP was investigated, considered, and rejected on the merits at both steps. ECF No. 1-2 at 1-4.

4

Poret argues Martin did not exhaust his administrative remedies as to the October 17, 2017 incident because ARP 2018-745 was procedurally defective due to untimeliness.

The PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits. *See Eubanks v. Naik*, 2014 WL 1117408, at *4 (S.D. Tex. 2014) (citing *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)). In *Cortez v. Richardson,* 725 Fed. Appx. 315, 316 (5th Cir. 2018), the United States Fifth Circuit Court of Appeals held that, where a prisoner's untimely grievance had been considered and rejected on the merits at both stages, the prison officials could not later claim the prisoner failed to properly exhaust his administrative remedies. In *Gates v. Cook*, 376 F.3d 323, 331 & n.6 (5th Cir. 2004), the Fifth Circuit held that prison officials cannot argue that a prisoner's grievance failed to comply with procedural rules after the officials looked past the technical defect and rejected the grievance for substantive reasons.

Therefore, Poret cannot argue that Martin's ARP 2018-745 was untimely as to the October 17, 2017 incident after the RLCC prison officials considered and rejected that claim on the merits at both steps. Poret's Motion for Summary Judgment should thus be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Poret's Motion for Summary Judgment (ECF No. 49) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, February 26, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge