b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SYLVESTER MARTIN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-00307 |
| VERSUS | JUDGE JOSEPH |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a second Motion for Summary Judgment filed by Defendant Troy Poret ("Poret"). ECF No. 82. Because there are no genuine issues of material fact on the issue of excessive force, Poret's unopposed second Motion for Summary Judgment (ECF No. 82) should be GRANTED.

I. Background

Martin filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis*. ECF Nos. 1, 11. The sole remaining Defendant is Poret, a Deputy Warden employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, who is sued in both his individual and official capacities. ECF No. 1 at 11. For relief, Martin asks for monetary damages. Martin is currently confined in RLCC.

Martin alleges that, on October 17, 2017, when Martin went to Poret and tried to ask him a question, Poret used excessive force against him by slamming him up against a fence pole and injuring his right shoulder. ECF No. 1 at 5. Martin contends he was then written up for the incident. ECF No. 1 at 6. Martin contends he was

told by Poret and a Colonel Bordelon that the disciplinary report would be dismissed at the disciplinary hearing if Martin would refuse treatment for his shoulder at the infirmary. So Martin complied. ECF No. 1 at 6-7. Martin also alleges a second incident on August 24, 2018, when Poret had Martin administratively transferred to "the Cell Block" (apparently a segregated housing unit) for five months.

Poret answered the Complaints (ECF No. 28). Poret filed a first Motion for Summary Judgment (ECF No. 49) that was denied. ECF No. 74.

Poret filed a second Motion for Summary Judgment (ECF No. 82). Martin has not opposed that Motion.

## II. Law and Analysis

Poret contends his summary judgment evidence shows he did not use excessive force against Martin.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

According to Defendant's Statement of Undisputed Facts and Martin's medical records, Martin was diagnosed with a torn rotator cuff in his right shoulder in 2008 and 2009. ECF No. 82-1 at 1; ECF No. 82-13 at 3-11. Martin was transferred to RLCC in July 2016, where he was classified as a "high risk" inmate due to numerous prior rule violations. ECF No. 82-1 at 1. Martin re-injured his right shoulder when he lifted a trunk in July 2017. ECF No. 82-1 at 1; No. 82-18 at 34. Martin was evaluated and/or treated for complaints of right shoulder pain 53 times from 2009 to October 17, 2017. ECF No. 82-1 at 2; ECF No. 82-13.

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

Defendant further shows in his Statement of Undisputed Facts that, on October 17, 2017, Martin "suddenly approached" Poret from behind while loudly calling his name. ECF No. 82-1 at 2. Startled, Poret turned and grabbed Martin by the shirt, pinning him up against a fence. ECT No. 82-1 at 2. When Poret realized Martin did not pose a threat, he quickly released him. ECF No. 82-1 at 2. Martin's "Request for Emergency Grievance" over the incident confirms that Martin surprised Poret; that Poret grabbed Martin in reaction to the possible threat he posed; and that he then let Martin go. ECF No. 82-1 at 2; No. 82-18 at 38. A Disciplinary Report was written up for the incident but the charges were dismissed. ECF No. 82-1 at 2; No. 82-18 at 26.

Defendant's Statement of Undisputed Facts and Martin's medical records show that Martin signed a "refusal of medical treatment" when he was brought to the infirmary after the incident. ECF No. 82-1 at 2; No. 82-18 at 27. When Martin was seen by the medical staff four months after the incident, in February 2018, for complaints of shoulder pain, he stated he had dislocated his shoulder about ten years before and that it had gotten worse over the preceding three weeks. ECF No. 82-1 at 2; No. 82-12 at 1. Defendant points out in his Statement of Undisputed Facts that Martin did not mention the October 17, 2017 incident with Poret as a cause of his shoulder pain. ECF No. 82-1 at 2.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious and the

prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind–deliberate indifference to a prisoner's constitutional rights–to be subjected to a § 1983 liability to that prisoner. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The Supreme Court defined "deliberate indifference" as "subjective recklessness," or, in other words, a conscious disregard of a substantial risk of serious harm. *See Farmer*, 511 U.S. at 839.

In *Hudson v. McMillian*, 503 U.S.1 (1992), the Supreme Court discussed the *Whitley v. Albers*, 475 U.S. 312 (1986) approach to evaluation of excessive force claims, and found the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. *See Hudson*, 503 U.S. at 6-7. The *Hudson* Court further held that, whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 6-7; *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

In *Kingsley v. Hendrickson,* 576 U.S. 389, 402 (2015), the United States Supreme Court stated that a court should look to such factors as: (1) the need for the

application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; and (4) whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Other pertinent factors are the extent of the injury suffered; the need for the application of force; the relationship between the need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of the forceful response. *See Bender v. Brumley*, 1 F.3d 271, 278 (5th Cir. 1993) (quoting *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

In the excessive force context, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Hudson,* 503 U.S. at 9. However, the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *See Hudson,* 503 U.S. at 9. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

In determining the subjective intent of the officer, the trier of fact must base its determination on relevant subjective factors suggestive of intent. A convict, or a pretrial detainee, need not demonstrate significant injury where the force used was

malicious and wanton. *See Bender*, 1 F.3d at 278, n. 6 (quoting *Hudson*, 503 U.S. at 1).

Martin has failed to show that Poret used excessive force. Martin acknowledged in his "emergency grievance" that Poret was surprised and startled when Martin came up behind him, yelling, and that is why Poret grabbed Martin and pushed him against the fence. Martin also acknowledged that Poret let go of him as soon as he realized Martin was not a threat. Clearly, Poret was attempting to control a possible threat while he assessed it. Thus, Martin's grievance shows that Poret did not grab Martin out of malice, but did so in reaction to being suddenly startled and in a good-faith effort to maintain discipline.

Moreover, Martin has not alleged or shown he was injured from the incident. Martin did not require medical treatment after the incident, and did not seek medical treatment for pain from his pre-existing right shoulder injury until four months after the October 2017 incident. The October 2017 incident was not mentioned at that infirmary visit.

Because Martin has not shown any injury resulting from the October 2017 incident, and has indicated that Poret grabbed and shoved him in reaction to being startled by Martin's yelling behind him and not out of malice, Martin has not shown that Poret used excessive force against him. *See Wilkins*, 559 U.S. at 38.

### III. Conclusion

Because there are no genuine issues of material fact that preclude a summary judgment, Defendant's unopposed Motion for Summary Judgment (ECF No. 82) should be granted. IT IS RECOMMENDED that Poret's Motion for Summary Judgment (ECF No. 82) be GRANTED, and that Martin's action be DISMSSED WITH PREJUDICE..

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, July 23, 2021.

                                                                         Joseph H.L. Perez-Montes
                                                                         United States Magistrate Judge